IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHUNTAE DAVIDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:25-cv-00464 ) Judge Aleta A. Trauger |
| TENNESSEE DEPARTMENT OF CORRECTION and JOHN GEAS, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Defendant Tennessee Department of Correction ("TDOC") moves to dismiss plaintiff Shuntae Davidson's Complaint (Doc. No. 1). For the reasons set forth herein, TDOC's Motion to Dismiss (Doc. No. 9) will be granted in part and denied in part.

### I. FACTS AND PROCEDURAL HISTORY

The facts are drawn from the Complaint and are accepted as true for the purposes of the pending motion. In August 2022, Davidson filed a sexual misconduct complaint with TDOC, her employer, against her co-worker,[1] defendant Officer John Geas, for "grabb[ing] her below her duty belt on both sides," an unwelcome sexual contact. (*Id.* ¶¶ 10–11, 22–23.) TDOC investigated and substantiated her complaint. (*Id.* ¶ 12.) But despite TDOC's "directives for Officer Geas to stay away from" Davidson, he continued to harass her, including through physical contact, offensive

---

[1] The Complaint neither states nor implies that Geas was Davidson's supervisor and suggests that he was not. (*See* Compl. ¶ 16 (describing an incident with Geas that was "loud enough to draw the attention of a supervisor").) The Complaint does not state Davidson's position or the nature of her working relationship with Geas, though the Complaint implies that they worked in the same office. (*See id.* ¶ 34.)

language, intimidation, and gossip intended to "isolate her from coworkers." (*Id.* ¶¶ 13–17, 30.) TDOC did not move Geas out of Davidson's office or "take effective measures to prevent further harassment," though Davidson's "work assignments were adjusted" to minimize their interactions. (*Id.* ¶¶ 18; 33–34.) Geas' harassment continued anyway, through October 2023,[2] in retaliation for Davidson's filing the sexual misconduct complaint against him, which caused her to "feel threatened, embarrassed, confused, and uncomfortable in her workplace," and which negatively affected her ability to perform her job. (*Id.* ¶¶ 18–19, 29–30, 42–47.) Moreover, Geas' behavior allegedly created an abusive and hostile working environment that TDOC knew or should have known about but to which it did not adequately respond. (*Id.* ¶¶ 28, 31–33.)

The Complaint sets forth two "counts." In Count I, the plaintiff asserts a claim of "Sexual Harassment (Hostile Work Environment) in Violation of ___ [sic] (against all defendants)." (*Id.* ¶¶ 20–34.) In Count II, the plaintiff asserts a claim of "Retaliation in Violation of" [sic] against unspecified defendants, though the plaintiff states that "Defendant*s*" took adverse action against her." (*Id.* ¶¶ 37–47 (emphasis added).) The Complaint does not state in the headings to the counts under what authority each count is brought—it leaves blank spaces for the relevant authorities—but the Complaint itself refers to 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.* (*Id.* ¶¶ 4–5). The court therefore construes each count as alleged against both defendants under all three statutes. Davidson seeks compensatory damages for economic and non-economic losses, injunctive relief fashioned to prevent "further harassment and retaliation, including but not limited to mandatory training programs and implementation of effective anti-harassment policies," and fees and interest. (Compl. at 6.)

---

[2] The Complaint does not explain what happened after October 2023.

TDOC has filed a Motion to Dismiss (Doc. No. 9) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with an accompanying Memorandum (Doc. No. 10), to which Davidson has filed a Response (Doc. No. 13), and in further support of which TDOC has filed a Reply (Doc. No. 14).

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs dismissal for lack of subject matter jurisdiction. "Rule 12(b)(1) motions to dismiss . . . generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When a Rule 12(b)(1) motion challenges subject matter jurisdiction based on the face of the complaint, as this one does, the plaintiff's burden is "not onerous." *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A court evaluating this sort of facial attack to the assertion of subject matter jurisdiction must consider the allegations of fact in the complaint to be true and evaluate jurisdiction accordingly. *See Gentek*, 491 F.3d at 330.

### B. Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020) (quoting Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a claim for relief that is plausible on its

3

face. *Twombly*, 550 U.S. at 555–57. The court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). And, while Rule 8 does not require details, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he complaint must 'contain either direct or inferential allegations respecting all the material elements [of a claim] to sustain a recovery under some viable legal theory.'" *Hollowell v. Cincinnati Ventilating Co.*, 711 F. Supp. 2d 751, 758 (E.D. Ky. 2010) (quoting *Hunter v. Sec'y of U.S. Army,* 565 F.3d 986, 992 (6th Cir. 2009)).

## III. DISCUSSION

### A. Section 1981

42 U.S.C. § 1981 provides relief only for employment discrimination motivated by race. *Hines v. Humana Ins. Co.*, 689 F. Supp. 3d 516, 531–32 (S.D. Ohio 2023); *see also Odom v. Donahoe*, No. 2:13-cv-02354-STA-CGC, 2015 WL 1758131, at *6 (W.D. Tenn. Apr. 17, 2015) ("[F]ederal law is quite clear that Section 1981 prohibits only race discrimination, not sex discrimination." (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir. 1986))), *aff'd*, No. 15-5633 (6th Cir. Jan. 20, 2016). The Complaint pleads no facts regarding race.[3] In response to the defendant's argument on this point, the plaintiff states only that "she was discriminated against based on her race and sex, in violation of this statute." (Doc. No. 13 at 3.) The plaintiff has

---

[3] The Complaint's only reference to race appears in its "Jurisdiction and Venue" section: "Plaintiff was discriminated against and ultimately wrongfully discharged from their employment with Defendants based upon their race and sex[.]" (Compl. ¶ 5.) Relatedly, the Complaint pleads no facts regarding discharge and actually pleads that Davidson "is" employed by TDOC. (*Id.* ¶ 10.) The court therefore interprets the Complaint's sole statement regarding discrimination on the basis of race as an error. In any event, no facts support such a claim.

4

Case 3:25-cv-00464    Document 16    Filed 10/20/25    Page 4 of 9 PageID #: 52

failed to state a claim under Section 1981 because the Complaint pleads no facts regarding race, and therefore her claims under Section 1981 will be dismissed.[4]

B. **Tennessee Human Rights Act**

Because TDOC is an arm of the state of Tennessee, a "suit against the TDOC is [a] suit against the State itself." *Carmody v. Tenn. Dep't of Corr.*, No. 2:24-cv-10, 2024 WL 390621, at *6 (E.D. Tenn. Feb. 1, 2024) (citing *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006)), *appeal dismissed*, No. 24-5243, 2024 WL 3021300 (6th Cir. May 20, 2024). TDOC argues that the court lacks jurisdiction over claims against it arising under the THRA because such actions are barred, in federal court, by the Eleventh Amendment. (Doc. No. 10 at 3–5, Doc. No. 14 at 1.) Indeed, as this court has explained:

> Although the Tennessee Legislature has waived immunity to THRA suits in Tennessee courts, it has not done so for suits in federal courts. Federal courts in Tennessee have consistently held that suits against state entities brought by individuals under the THRA in federal court are disallowed by the Eleventh Amendment.

*Delbridge v. Tennessee*, No. 3:24-cv-00094, 2024 WL 4453288, at *2 (M.D. Tenn. Oct. 8, 2024) (Campbell, C.J.) (quoting *Chapman v. Tenn. Dep't of Transp.*, No. 3:19-cv-1128, 2021 WL 1110668, *2 (M.D. Tenn. Mar. 23, 2021) (Richardson, J.)). The plaintiff offers no substantive response. (Doc. No. 13 at 1–2.) The plaintiff's THRA claims against TDOC are barred by the Eleventh Amendment and, therefore, will be dismissed.

---

[4] The court will not address TDOC's argument that sovereign immunity bars Section 1981 claims against the state defendant (Doc. No. 14 at 3–4), which it raises for the first time in its Reply brief. *Accord Burke v. Parker*, No. 3:21-cv-00606, 2022 WL 1652303, at *2 (M.D. Tenn. May 24, 2022) (Campbell, J.) (collecting cases).

5

## IV.  TITLE VII

### A.  Exhaustion

Before filing suit in federal court, a Title VII plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC and receiving a right-to-sue letter. *Alexander v. Univ. of Memphis*, No. 20-5426, 2021 WL 2579973, at *3 (6th Cir. June 7, 2021) (citing *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018)). The exhaustion requirement, while not jurisdictional, is a mandatory "claim-processing rule" that must be enforced if properly raised by the employer. *Id.* (citations omitted). Thus, "[i]t is well-settled that failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII action." *Thetford v. Bradford Special Sch. Dist.*, No. 24-cv-01020-STA-JAY, 2025 WL 1348936, at *3 (W.D. Tenn. May 8, 2025) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

TDOC argues that, because the plaintiff has not pleaded exhaustion of administrative remedies, her claims under Title VII should be dismissed. (Doc. No. 10 at 5–6.) The plaintiff responds that she received a Notice of Right to Sue on January 27, 2025. (Doc. No. 13 at 2.) The defendant makes two arguments in response.

First, TDOC argues that, having failed to plead exhaustion, the plaintiff cannot add new allegations in her Response. (Doc. No. 14 at 2.) But while dismissal may be appropriate for failure to exhaust administrative remedies, dismissal is inappropriate for failure to *plead* exhaustion: "failure to exhaust Title VII administrative remedies is 'an affirmative defense that defendants bear the burden of pleading and proving.'" *Gaydos v. Woodward Original, LLC*, No. 24-cv-11781, 2025 WL 2462677, at *6 (E.D. Mich. Aug. 26, 2025) (quoting *Moore v. Coca-Cola Bottling Co. Consol.*, 113 F.4th 608, 622 (6th Cir. 2024)).

Second, the defendant argues that, even if the court could consider the belated assertion of exhaustion, by the plaintiff's own admission her suit is untimely. According to the defendant,

6

"Plaintiff states in her Response that she received a Right to Sue letter on January 27, 2025. This right expired on April 27, 2025, and the Complaint was not filed until May 22, 2025." (Doc. No. 14 at 2.) While the defendant is right about the plaintiff's statement and the date on which the right to sue expired, 42 U.S.C. § 2000e–5(f)(1), the defendant is wrong about the Complaint's filing date and timeliness: it was timely filed on April 24, 2025. Neither the failure to plead exhaustion nor untimeliness bars the plaintiff's claims under Title VII.

### B. Count I – Sexual Harassment (Hostile Work Environment)

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees on the basis of sex. *Kirkland v. City of Maryville*, 54 F.4th 901, 910 (6th Cir. 2022) (citing 42 U.S.C. § 2000e-2(a)(1)); *see also Palmer v. Dep't of the U.S. Air Force*, No. 24-3755, 2025 WL 2932925, at *4 (6th Cir. Oct. 15, 2025) ("Title VII protects employees from working in a hostile environment." (citation omitted)). TDOC does not argue that Davidson's claim under Title VII for sexual harassment creating a hostile work environment should be dismissed for failure to state a claim. TDOC's Motion will be denied as to the Complaint's claim for hostile work environment under Title VII.

### C. Count II – Retaliation

Title VII also prohibits employers from retaliating against employees for opposing a discriminatory practice. *Kirkland*, 54 F.4th at 910 (citing 42 U.S.C. § 2000e-3(a)). TDOC argues that the Complaint fails to state a retaliation claim because it does not allege that TDOC took a materially adverse employment action against Davidson. (Doc. No. 10 at 6–8; Doc. No. 14 at 3.) Rather, TDOC contends, the Complaint includes only a conclusory statement to that effect. (Doc. No. 10 at 10 (citing Compl. ¶ 42).) As the plaintiff explains in her Response, however, the Complaint alleges that, after Davidson filed the sexual misconduct complaint against Geas, he retaliated against her with sexual harassment and intimidation, which created a hostile work

7

environment. (*See* Doc. No. 13 at 3; Compl. ¶¶ 18–19, 29–30, 42–43, 45–47.) And the plaintiff alleges that TDOC was on notice of that conduct and yet allowed the harassment to persist. (Compl. ¶¶ 11–13, 16, 18, 31–34, 41, 44.) The defendant responds that Geas' actions, rather than TDOC's, cannot ground a retaliation claim. (Doc. No. 14 at 3.)

First, TDOC misinterprets Title VII to require Davidson to plead that "her employment status, duties, compensation, or opportunities" changed for the worse. (Doc. No. 10 at 7.) Unlike Title VII discrimination claims, the "adverse employment action" requirement for retaliation claims "is not limited to an employer's actions that affect the terms, conditions, or status of employment." *Maas v. JTM Provisions Co.*, No. 1:23-cv-00076-JPH, 2025 WL 823671, at *12 (S.D. Ohio Mar. 13, 2025) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62–63 (2006)). Rather, "the plaintiff must show that he faced an adverse action that is 'harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Bilyeu v. UT-Battelle, LLC*, --- F.4th ---, No. 24-5418, 2025 WL 2754017, at *6 (6th Cir. Sept. 29, 2025) (quoting *Burlington N.*, 548 U.S. at 68). Second, Title VII permits retaliation claims for "coworker retaliatory harassment that is known to but not restrained by the employer." *Jones v. Fluor Facility & Plant Servs.*, No. 24-5249, 2025 WL 707869, at *12 (6th Cir. Mar. 5, 2025) (quoting *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 345 (6th Cir. 2008)). TDOC has not substantively responded Davidson's retaliation claim, properly understood. TDOC's Motion will be denied as to the Complaint's claim for retaliation under Title VII.

## V. CONCLUSION

For the foregoing reasons, TDOC's Motion to Dismiss (Doc. No. 9) will be granted in part and denied in part. An appropriate Order is filed herewith.[5]

_____
ALETA A. TRAUGER
United States District Judge

---

[5] Courts "assume that a government official is being sued in his official capacity, unless the pleadings provide notice that he is being sued individually." *Arnold v. Oglesby*, No. 21-5667, 2022 WL 1562094, at *2 (6th Cir. Feb. 15, 2022) (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc)). Nothing in the pleadings or in the "'course of proceedings' has clarified that the plaintiff seeks to hold the defendant[] personally liable" or indicates that Geas has been put on notice that he was sued in his individual capacity. *New Albany Main St. Props. v. Watco Cos.*, 75 F.4th 615, 632 (6th Cir. 2023) (quoting *Moore*, 272 F.3d at 772). There is no evidence that Geas has been served or waived service, the Summonses are addressed only to state officials and refer only to "the Defendant" (Doc. No. 5 at 1–3), and Geas has not personally filed anything in this case nor has counsel entered an appearance on his behalf. (*Accord* Doc. Nos. 7–8 (Notices of Appearance of defense counsel for TDOC only).) Moreover, "an individual cannot be held liable for discrimination or retaliation under the THRA." *Amos v. Lampo Grp., LLC*, 681 F. Supp. 3d 833, 840 (M.D. Tenn. 2023) (Richardson, J.). And "the Sixth Circuit has long held that Title VII does not contemplate liability against other individual employees[.]" *Saade v. City of Detroit*, No. 19-cv-11440, 2021 WL 391417, at *4 (E.D. Mich. Feb. 4, 2021) (citing *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)). At this point, therefore, the court construes the Complaint as suing Geas in his official capacity only, which is equivalent to suing TDOC. *Carmody*, 2024 WL 390621, at *6 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).